CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| POWELL CONSTRUCTION COMPANY, INC., | ) ) ) | Civil Action No.: 7:05-cv-00528 |
| PLAINTIFF | ) ) | MEMORANDUM OPINION |
| v. | ) ) | |
| U.S. CRANE AND RIGGING, INC., | ) ) | |
| DEFENDANT. | ) ) ) ) | By: Samuel G. Wilson United States District Judge |

This is a diversity action by plaintiff, Powell Construction Company, Inc. ("Powell"), against defendant U.S. Crane and Rigging, Inc. ("U.S. Crane"), transferred to this court by the United States District Court for the Eastern District of Tennessee. U.S. Crane maintains that Powell's voluntary dismissal pursuant to Rule 41(a)(1)(i) was filed on paper in the clerk's office rather than electronically, as provided by this court's procedures implementing electronic case filing in this district, and is therefore ineffectual and that its answer and counterclaim preclude plaintiff from voluntarily dismissing the action. The court finds that Powell's paper filing substantially complies with the requirements of the Federal Rules of Civil Procedure, as well as the standing order of the court implementing electronic case filing. Accordingly, the court rejects defendant's challenge to the dismissal.

I.

A court in the Eastern District of Tennessee transferred this civil action on August 11, 2005; however, problems arose on August 19, 2005, when the clerk was unable to open the computer disc from the Tennessee district court clerk's office. At that time, the plaintiff, Powell, sought to voluntarily dismiss under Rule 41(a), and because of technical difficulties, the clerk's

office gave Powell permission to file a hard copy of the notice. Powell did so on August 22, 2005, and the defendant, U.S. Crane, objected to the voluntary dismissal, claiming that the notice was improperly filed and ineffective. U.S. Crane also alleges that the dismissal would be prejudicial and unfair because U.S. Crane had prepared an answer and counterclaim but was unable to electronically file until August 24, 2005 due to technical difficulties.

## II.

U.S. Crane concedes that if Powell properly filed its Rule 41(a) notice of voluntary dismissal prior to U.S. Crane's answer that Powell has the absolute right to unilaterally dismiss the case without the court's permission. Rule 41(a)(1)(i); see Marex Titantic, Inc., v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (stating that a voluntary dismissal under 41(a)(1)(i) is "available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (citations omitted). It argues, however, that Powell's hard copy notice of voluntary dismissal was not properly filed because the court's procedural rules for electronic case filing in this court provide that all attorneys "shall be required to file all documents electronically, unless otherwise authorized by the presiding judge or the electronic filing procedures." The court finds that Powell properly filed its notice of voluntary dismissal and that its filing terminated the case.

Civil Procedure Rule (5)(e) provides that a court "may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes." Pursuant to Rule 5(e)'s authorization, this court has established an electronic filing system, known as the Case Management/Electronic Case Files system (CM/ECF). By standing order, the court authorized

the Clerk of the District Court to implement and publish administrative procedures for filing, signing, and verifying pleadings and papers by electronic means. Those published procedures provide that the "Clerk's Office or any judge of this court may deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the court." Pursuant to that authorization, the clerk's office properly filed Powell's notice of voluntary dismissal. Indeed, under the circumstances it would have been an abuse of discretion for the clerk's office to have refused the pleading, if not a clear violation of Rule 5 of the Federal Rules of Civil Procedure. Accordingly, Powell's notice of voluntary dismissal was properly filed and the action terminated.

### III.

For the foregoing reasons it is ordered and adjudged that this action is dismissed from the court's docket without prejudice.

ENTER: This 21st day of October, 2005.

UNITED STATES DISTRICT JUDGE